McKEAGUE, Circuit Judge,
with whom Judge SILER joins, concurring.
I am in full agreement with the result reached today. Stephen Stiles’ death in custody is a regrettable tragedy that, with the benefit of hindsight, would seem to have been easily avoided. However, the facts of record simply do not show such wrongful conduct by any defendant as would support a finding of liability for violation of Stiles’ constitutionally protected rights. I write separately to explain why the district court’s assessment of the Estate’s claim for deliberate indifference to serious medical needs under the Fourteenth Amendment was not erroneous.
The majority posits that the Sixth Circuit has “never squarely decided whether the Fourth Amendment’s objective reason *519 ableness standard can ever apply to a plaintiffs claim for inadequate medical treatment.” Indeed, it is fair to say that some decisions of our court have purported to leave the question open as to whether a pretrial detainee’s claim for denial of needed medical care should be evaluated under the Fourteen Amendment’s deliberate-indifference standard or the Fourth Amendment’s objective-unreasonableness standard. Yet, while we have never held that the objective-unreasonableness standard applies to a denial-of-medical-care claim of a detainee under circumstances like Stiles’—arrested pursuant to an arrest warrant (which necessarily issued only after a judicial officer’s probable cause determination)—we have held that the deliberate-indifference standard applies.
That is, where the court has identified the governing standard, it has. uniformly applied the deliberate-indifference standard. See Burgess v. Fischer, 735 F.3d 462, 476 (6th Cir. 2013) (applying deliberate-indifference standard to detainee’s denial-of-medical-care claim stemming from booking process); Harris v. City of Circleville, 583 F.3d 356, 367 (6th Cir. 2009) (detainee’s claim for denial of medical care assessed under deliberate-indifference standard); Guy v. Metropolitan Gov’t of Nashville, 687 Fed.Appx. 471, 477-79 (6th Cir. 2017) (assessing detainee’s claim for post-arrest denial-of-medical-care under deliberate-indifference standard and noting that, because the dividing line between the Fourth and Fourteenth Amendment zones of protection is the probable-cause hearing, the plaintiffs arrest pursuant to a judicially approved warrant rendered the Fourth Amendment not applicable); Morabito v. Holmes, 628 Fed.Appx. 353, 358 (6th Cir. 2015) (detainee’s denial-of medical-care claim evaluated under deliberate-indifference standard); Jackson v. Wilkins, 517 Fed.Appx. 311, 317 (6th Cir. 2013) (same).
Respectfully, I would hold that we are bound by this line of cases. Evaluation of the Estate’s denial-of-medical-care claim under this more demanding standard leads even more clearly and surely to the same conclusion reached by the majority: the district court’s summary judgment ruling was proper. I therefore concur in the decision to affirm.